DWIGHT C. HOLTON, OSB # 09054
United States Attorney
District of Oregon
**SCOTT M. KERIN**, OSB # 965128
Scott.Kerin@usdoj.gov
Assistant United States Attorney
1000 S.W. Third, Suite 600
Portland, OR 97204-2902
Telephone: 503 727-1002
Facsimile:  503-727-1117
        Attorneys for the United States of America

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | CR 09-336-05-JO |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **DENORSE DEE ALLEN JR.,** | |
| Defendant. | |

The United States of America, through Dwight C. Holton, United States Attorney for the District of Oregon, and Scott M. Kerin, Assistant United States Attorney, hereby submits the following sentencing memorandum for the Court's review.  The government concurs with the U.S. Probation Office's recommendation that the Court sentence the defendant to 37 months imprisonment, to be followed by three years of supervised release.  There is also a required $100 fee assessment.

///

///

A.      **Summary of Proceedings.**

On April 22, 2010, the defendant pled guilty to Count 6 of the Superseding Indictment which charged him with Possession with the Intent to Distribute Cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). The maximum sentence is up to twenty years imprisonment, fine of $1,000,000, at least three years of supervised release, and a $100 fee assessment.

A Presentence Report (PSR) has been completed. Sentencing is currently set for Tuesday, October 5, 2010. The government believes that the facts underlying defendant's count of conviction, his Sentencing Guideline Calculations and his criminal history are accurately laid out in the PSR. This case resulted from the Metro Gang Task Force's Operation Gang Strike investigation of James Ray "Lonnie" Yoakum, with whom the Court is very familiar given the prior sentencing proceedings that have been conducted. As the PSR notes, the Metro Gang Task Force investigation revealed that James Ray "Lonnie"Yoakum was a large-scale cocaine distributor operating in the greater Portland metropolitan area. PSR ¶¶ 16 - 20. Through the course of the investigation, including the utilization of Court authorized wiretaps and informants, agents discovered that Yoakum was obtaining large quantities of cocaine from sources in both California and Portland, Oregon and then reselling it to a variety of customers, including the defendant, who were further distributing the cocaine. PSR ¶¶ 21 - 23. On August 12, 2009, agents intercepted the defendant, through the use of golfing analogies, order 18 ounces of cocaine. Agents then watched Kimberly Dishman drive Yoakum to a meeting with the defendant in which Yoakum sold approximately 18 ounces of cocaine to the defendant. *Id.* The defendant was arrested and officers found 498.8 grams of cocaine in his possession. PSR ¶ 23.

The amount of cocaine clearly indicated that it was possessed for purposes of further distribution. The defendant's relevant conduct, pursuant to U.S.S.G. §§ 1B1.3 and 2D1.1(a), is between 400 and 500 grams of cocaine for a Base Offense Level of 24, prior to adjustments. Plea Agreement at ¶ 7; PSR ¶¶ 23, 28.

**B.    Sentencing Calculations.**

While not bound by the Sentencing Guidelines, courts must first consult the guidelines and take them into account at sentencing. *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 767 (2005). Even though the guidelines are advisory, they remain influential in an effort to ensure nationwide consistency in sentencing. *Gall v. United States*, 128 S.Ct. 586, 596 (2007) ("to secure nationwide consistency, the guidelines should be the starting point and initial benchmark" for sentencing); *see also, United States v. Cantrell*, 433 F.3d 1269, 1279 (9th Cir. 2006) ("[The] continuing duty of district courts to consult the guidelines is statutory"). After the parties are given a chance to argue for a sentence they believe is appropriate, the court should consider the 18 U.S.C. § 3553(a) factors and decide whether they support the sentence advocated by the parties. *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (*citing Gall*, 128 S.Ct. at 596-97 n. 6). The court must then make an individualized sentencing determination based upon the facts. *Id.* The guidelines should not be given more or less weight than the other § 3553(a) factors. *Id.* If the court decides a non-guideline sentence is warranted the Court must ensure the justification is sufficiently compelling to support the degree of variance. *Id.* Once a sentence is selected, the Court must explain its rationale sufficiently to permit meaningful appellate review. *Id.* at 992.

The government believes defendant's guideline calculations are:

| | |
|---|---|
| Base Offense Level, U.S.S.G. § 2D1.1: | 24 |
| Acceptance of Responsibility, U.S.S.G. § 3E1.1: | - 3 |
| Total Offense Level: | 21 |

The defendant has a criminal history score under the sentencing guidelines of I. With an offense level of 21 and a criminal history category of I, defendant's initial Sentencing Guidelines range is between 37 to 46 months imprisonment.

**C.    Government's Recommended Sentence.**

Pursuant to 18 U.S.C. § 3553(a), the government asks the Court to sentence the defendant to 37 months imprisonment, to be followed by a three-year term of supervised release, with all of the conditions requested in the Presentence Report. There is also a required $100 fee assessment. The defendant is free, under the terms of the plea agreement, to seek a lesser sentence.

The PSR writer did a very thorough job in describing the scope of the defendant's criminal activities and his relationship with the overall criminal drug trafficking conspiracy. We are all familiar with the direct and indirect harms that drug use, cocaine in particular, has wrought here within the District, whether it is drug fueled violence, drug addicts committing thefts to support their habits, or families that are blown apart by drug addicted parents. It is safe to say that cocaine use and abuse is a blight on our community and that drug abuse gradually destroys everything it touches.

Here, the defendant was a mid-sized drug dealer. At the end of the day, besides the nature of his on-going criminal conduct, there are no additional aggravating or mitigating factors

in his case. Accordingly, after examining the advisory sentencing guideline range and then balancing the factors outlined in 18 U.S.C. § 3553(a), such as the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense; the need for the sentence to promote respect for the law; the need for the sentence to provide just punishment for the offense; and the need for the sentence to afford adequate deterrence to criminal conduct, the government believes that a guideline sentence of 37 months imprisonment and three years of supervised release is absolutely appropriate. We ask the Court to impose it.

At the time of sentencing the government asks the Court to dismiss Count 1of the Superseding Indictment, as to this defendant. As part of the plea agreement the defendant already knowingly and voluntarily forfeited all right, title, and interest in and to all assets which are subject to forfeiture in this case. We ask that the Court note the forfeiture on the record and final judgment.

The plea agreement contains an appeal waiver.

DATED this 1st day of October 2010.

    Respectfully submitted,

    DWIGHT C. HOLTON, OSB # 09054
    United States Attorney

    /s/ *Scott Kerin*

    SCOTT M. KERIN, OSB # 965128
    Assistant United States Attorney